UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SHEILA COFFIN HARSHMAN, *Individually and as Successor to Dissolved Exeter Street, LLC*,<br><br>          Plaintiff,<br><br>          v.<br><br>ISLAND VIEW MORTGAGE, INC., *d/b/a Red Rock Capital*, et al.,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 26-cv-11193-LTS |

ORDER

March 10, 2026

SOROKIN, D.J.

Pro se plaintiff Sheila Coffin Harshman has filed a civil complaint, motion for leave to proceed in forma pauperis, and a motion for a temporary restraining order. Upon review of these documents, the Court hereby orders:

1.     The motion for leave to proceed in forma pauperis is GRANTED.

2.     The motion for a temporary restraining order is DENIED. The Court may issue a temporary restraining without notice to the adverse party (or its attorney) only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant[] . . . certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Here, Harshman's filings do not show that immediate and irreparable harm will result before the defendants can be heard in opposition to the motion.

In addition, Harshman does not certify any efforts she made to give the defendants notice of this motion or any reason why such notice should not be required.[1]

3.      The Clerk shall issue a summons for each defendant.

4.      Harshman must ensure that the summons, this order, and the complaint are served on each defendant within 90 days of the date the summons issues.  Service must be effected in accordance with Rule 4 of the Federal Rules of Civil Procedure.  Failure to timely effect service may result in dismissal of this action without prior notice from the Court.

5.      Service of the complaint and summons may be carried out by "[a]ny person who is at least 18 years old and not a party" to the action."  Fed. R. Civ. P. 4(c)(2).  Because Harshman is proceeding in forma pauperis, Harshman may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States.  See 28 U.S.C. § 1915(d).  If so asked by Harshman, the USMS shall serve a summons, complaint, and this order on each defendant as directed by Harshman.  Harshman is responsible for providing the USMS a copy of this order for the agency's records, copies for service on each defendant, and a completed USM-285 form for each defendant.  The Clerk shall provide Harshman instructions for service by the USMS and USM-285 forms.

SO ORDERED.

_/s/ Leo T. Sorokin_____
UNITED STATES DISTRICT JUDGE

---

[1] Nothing in this order precludes Harshman from filing a motion for a preliminary injunction with a supporting memorandum.